UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHRISTOPHER STEVENSON**  **CIVIL ACTION**

**VERSUS**

**KEVIN BENJAMIN, ET AL.**  **NO. 19-00637-BAJ-SDJ**

## RULING AND ORDER

Before the Court is Plaintiff's *pro se* motion seeking entry of a temporary restraining order (TRO) and preliminary injunction (Doc. 98). Liberally construed, Plaintiff's Motion seeks injunctive relief prohibiting Defendants from "tampering with" and "mishandling" his legal mail. (*Id.* at 1-2).

Federal Rule of Civil Procedure ("Rule") 65(b) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney ***only if***:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; ***and***
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b) (emphasis added).

While the court is aware that Plaintiff is proceeding *pro se*, he has failed to comply with Rule 65(b). First, Plaintiff's Motion does not include a certificate stating his efforts to provide notice to Defendants' attorneys, or explain the reasons why such notice should not be required. Plaintiff's failure to comply with Rule 65(b)'s notice requirements, standing alone, is sufficient basis to deny his request for a TRO. *See*

*Hampton v. First Guaranty Mortgage Corp.*, No. 16-cv-632, 2016 WL 5796886, at *1 (M.D. La. Sept. 30, 2016) (denying *pro se* plaintiff's motion for temporary restraining order due to failure to comply with Rule 65's notice requirements); *Spears v. Scales*, No. 15-11-SDD-RLB, 2016 WL 3774069, at *1 (M.D. La. July 13, 2016) (same).

Second, and more fundamentally, Plaintiff has failed to show that irreparable injury, loss, or damage will result in the absence of a TRO. The primary thrust of Plaintiff's instant complaint is that Defendants are "tampering with" and "mishandling" his legal mail, thus preventing him from fully and timely responding to Defendants' pending Motion for Summary Judgment (Doc. 93). A review of the record, however, reveals that Plaintiff has timely filed multiple requests for an extension of the briefing deadline (*see* Docs. 93, 93, 97), and also timely filed an opposition to Defendants' summary judgment motion (*see* Doc. 95), all of which are now pending before the U.S. Magistrate Judge. Through his various filings, Plaintiff has adequately protected his legal rights and is not in jeopardy of dismissal for having failed to oppose Defendants' motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's request for a temporary restraining order is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants shall file their response, if any, to Plaintiff's request for a preliminary injunction within the time limits imposed by Local Civil Rule 7.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Correct Error (Doc.

2

99) is **GRANTED**, and that Plaintiff's proposed corrected affidavit and declaration shall be deemed timely filed and included among the exhibits supporting Plaintiff's request for a preliminary injunction (Doc. 98).

Baton Rouge, Louisiana, this 17th day of February, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**