UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER STEVENSON** | **CIVIL ACTION** |
| **VERSUS** | |
| **KEVIN BENJAMIN, ET AL.** | **NO. 19-00637-BAJ-SDJ** |

## RULING AND ORDER

Before the Court are three *pro se* motions, each seeking reconsideration of prior orders: (1) Plaintiff's *pro se* "Objection and Appeal" of the Magistrate Judge's order denying Plaintiff leave to amend his complaint to add "John and Jane Doe" defendants, (Doc. 36); (2) Plaintiff's *pro se* "Objection and Appeal" of the Magistrate Judge's order denying Plaintiff's request to appoint counsel; and (3) Plaintiff's motion for "reconsideration" of the Court's February 17, 2021 order denying Plaintiff's request for a temporary restraining order, (Doc. 103), which the Court interprets as a motion for relief from a prior order under Federal Rule of Civil Procedure ("Rule") 60(b). For the following reasons, Plaintiff's motions will be **DENIED**.

### I. Plaintiff's objections to the Magistrate Judge's orders are untimely and fail to show clear error

Rule 72 provides that a magistrate judge may hear and decide pretrial matters that are not dispositive of a party's claim. Fed. R. Civ. P. 72(a). A party may object to a magistrate judge's order, but must do so within 14 days or risk waiver. *Id.* "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

Under the "clearly erroneous" standard, the magistrate judge's findings

"should not be rejected merely because the court would have decided the matter differently." *Ordemann v. Unidentified Party*, No. 06-cv-4796, 2008 WL 695253, at *1 (E.D. La. Mar. 12, 2008) (quoting *Rubin v. Valicenti Advisory Svcs., Inc.*, 471 F. Supp. 2d 329, 333 (W.D.N.Y. 2007)). Rather, the clearly erroneous standard requires that the district court affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *Id.* (citing *Moody v. Callon Petroleum Operating Co.*, 37 F. Supp. 2d 805, 807 (E.D. La. 1999)); *see also Vatter v. Navistar Int'l Corp.*, 150 F. Supp. 3d 703, 706 (M.D. La. 2015) (citing *United States v. Stevens*, 487 F.3d 232, 240 (5th Cir. 2007)). Similarly, a magistrate judge's order is "contrary to law" only if it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Ordemann*, 2008 WL 695253 at *1 (citing, *e.g.*, *DeFazio v. Wallis*, 459 F. Supp. 2d 159 (E.D.N.Y. 2006)).

Applying these standards, Plaintiff's objections fail. First, they are untimely: each was submitted to prison officials for filing on June 4, 2020, more than 14 days after entry of the underlying orders on May 15, 2020. *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993) (a pro se prisoner's written objections to a magistrate judge's order are deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court).

Second, and in any event, Plaintiff's objections are meritless. The Magistrate Judge denied Plaintiff leave to amend his complaint to add "John and Jane Doe" defendants because Plaintiff's claims against these defendants would otherwise be

2

time-barred under Louisiana's one-year prescriptive period for delictual actions, *see* La. C.C. art. 3492, and controlling U.S. Fifth Circuit Court of Appeals precedent dictates that "a later amendment to substitute a named party for a Doe defendant may *not* relate back to the filing of the original complaint under Rule 15(c)(3) in order to prevent prescription." (Doc. 27 at 1 (citing *Jacobsen v. Osborne,* 133 F.3d 315, 320-21 (5th Cir. 1998)). There is no error in this ruling.

Additionally, there is no error in the Magistrate Judge's determination that "'exceptional circumstances' requiring the appointment of counsel are not apparent at this time." (Doc. 29 at 2). Throughout this litigation, Plaintiff has demonstrated his ability to adequately protect his legal rights through his various filings, as noted most recently in the Court's February 17, 2021 Order denying Plaintiff's request for a TRO. *See* Doc. 100 at 2. Should circumstances change, or should this litigation become more complex, Plaintiff may, of course, re-urge his motion for appointment of counsel.

## II. Plaintiff cannot show extraordinary circumstances to justify reconsideration of the order denying a TRO

Rule 60(b) provides that relief from a prior order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief.

Plaintiff has not provided any factual assertions to support the applicability of any of the first five subsections of Rule 60(b). Further, Plaintiff's is not entitled to

relief under Rule 60(b)(6), which allows the Court to vacate a prior order for "any other reason that justifies relief." Rule 60(b)(6) "is a catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions. Rule 60(b)(6) motions will be granted only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quotation marks and citations omitted).

Here, the Court denied Plaintiff's original request for a TRO for two reasons: first, Plaintiff failed to comply with Rule 65(b)'s notice requirements; second, and more fundamentally, Plaintiff failed to show that irreparable injury would result from the absence of a TRO. Plaintiff's request for reconsideration shows that he has now served Defendants notice of his request for immediate relief, but does not call into question the Court's judgment regarding irreparable injury, or otherwise present unusual or unique circumstances supporting the application of Rule 60(b)(6).

### III.  Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's "Objection and Appeal" of the Magistrate Judge's order denying Plaintiff leave to amend his complaint to add "John and Jane Doe" defendants, (Doc. 36) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's "Objection and Appeal" of the Magistrate Judge's order denying Plaintiff's request to appoint of counsel (Doc. 37) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for "reconsideration" of the Court's February 17, 2021 order denying Plaintiff's request for a temporary

4

restraining order (Doc. 103) is **DENIED**.

Baton Rouge, Louisiana, this 5th day of March, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**