UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER STEVENSON (#509582)** | **CIVIL ACTION** |
| **VERSUS** | |
| **KEVIN BENJAMIN, ET AL.** | **19-637-BAJ-SDJ** |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 14, 2021.

_____
**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER STEVENSON (#509582)             CIVIL ACTION

VERSUS

                                                                     19-637-BAJ-SDJ

KEVIN BENJAMIN, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the sole remaining Defendant's Motion for Summary Judgment (R. Doc. 88). The Motion is opposed. *See* R. Doc. 95.[1]

The *pro se* Plaintiff, a person confined at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Kevin Benjamin and Darrel Vannoy, complaining that his constitutional rights were violated due to the use of excessive force. He seeks monetary, declaratory, and injunctive relief.

The remaining Defendant[2], Kevin Benjamin, moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, and a certified copy of one of Plaintiff's pertinent Administrative Remedy Procedure (LSP-2018-1068). Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its

---

[1] Plaintiff's Opposition and Motion to Deny Defendant Motion for Summary Judgment (R. Doc. 95) is appropriately considered an <u>opposition</u> to the pending Motion for Summary Judgment. The Clerk of Court shall terminate R. Doc. 95 as a motion.

[2] Plaintiff's claims against Defendant Vannoy have been previously dismissed. *See* R. Docs. 50 and 57.

burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, Plaintiff alleges that on January 24, 2018, he was attacked by Defendant Benjamin while secured in 4-point restraints. Specifically, Plaintiff alleges that Defendant Benjamin hit him several times with a club without reason. Plaintiff suffered a laceration to his head, which required stitches.

In response to Plaintiff's allegations, Defendant Benjamin contends that the claims asserted in this proceeding are time-barred. Specifically, Defendant asserts that more than one year of un-tolled time elapsed after the referenced incident before Plaintiff filed his Complaint herein.

Inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations

period for such claims. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492.[3] Moreover, under federal law, a cause of action under 42 U.S.C. § 1983 accrues "when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (citations and internal quotation marks omitted). A plaintiff need not realize that a legal cause of action exists but must only have knowledge of the facts that support a claim. *Id.* Under Louisiana law, a party pleading a limitations defense normally has the burden of establishing the elements of that defense. *See Savoy v. St. Landry Parish Council*, 2009 WL 4571851, *3 (W.D. La. Dec. 1, 2009). However, when the face of the plaintiff's complaint reflects that more than a year has passed since the events complained of, the burden of proof shifts to the plaintiff to show that the limitations period has been interrupted or tolled. *Id.*

In the instant case, the incident complained of by Plaintiff occurred on January 24, 2018, by which date Plaintiff was possessed of sufficient information to place him on notice of the existence of his cause of action regarding the use of excessive force by Defendant Benjamin. Accordingly, Plaintiff's claims accrued on that date, and he had one year within which to file a complaint in this Court. Ordinarily, therefore, any claim that Plaintiff may have had against Defendant arising out of the incident complained of would have prescribed no later than January 24, 2019, the one-year anniversary of the incident. Further, inasmuch as Plaintiff did not file his federal Complaint until September 19, 2019, the date that he apparently signed it, it appears from the face of the Complaint that his claim is time-barred. Accordingly, the burden of proof shifts to Plaintiff to show that the limitations period in this case was interrupted or tolled during the one-year period.

---

[3] *See* La. Civ. Code Art. 3456

Plaintiff has opposed the instant Motion and correctly asserts that, in computing the applicable limitations period, this Court is obligated to take into account the time during which the administrative proceedings were pending within the prison system. *See Harris v. Hegmann*, 198 F.3d 153, 158-59 (5th Cir. 1999) (finding that the pendency of a properly-filed administrative grievance will act to toll or suspend the running of the one-year limitations period for a prisoner's claim).

The filing of an administrative grievance, however, only tolls or suspends, and does not interrupt, the running of the prescriptive period. *See* La. R.S. 15:1172(E) (providing that the limitations period for a prisoner's claim "shall be suspended upon the filing of [an administrative] ... grievance and shall continue to be suspended until the final agency decision is delivered"). Thus, this Court is required to count against Plaintiff the passage of days that elapsed both before the filing of the pertinent administrative grievance and after the conclusion of the administrative proceedings. *See Adams v. Stalder*, 934 So.2d 722, 725-26 (La. App. 1st Cir. 2006) (explaining that with a suspension of the limitations period, in contrast to an interruption, "the period of suspension is not counted toward the accrual of prescription but the time that has previously run is counted.... In other words, ... the clock merely stops running during the suspension, and thereafter the obligee has only so much of the one year as was remaining when the suspension began").

Applying the foregoing to the events of January 24, 2018, the Court has concluded that Plaintiff's claim accrued, and the one-year limitations period commenced to run, on that date. The record reflects that Plaintiff submitted a request for administrative remedy to prison officials thereafter. The first question for the Court to consider is the date upon which that administrative grievance tolled the limitations period. In this regard, it appears that Plaintiff's grievance is hand-dated April 6, 2018. *See* R. Doc. 88-3, p. 18. As such, 72 days elapsed between the occurrence of the event complained of and the filing of Plaintiff's first administrative grievance.

Plaintiff's administrative proceeding remained pending, and thereby suspended the running of the limitations period, until those proceedings were concluded by Plaintiff's receipt of the final agency response. *See* La. R.S. 15:1172(E) (providing that the limitations period is "suspended until the final agency decision is *delivered*" (emphasis added)); *Harris v. Hegmann, supra*, 198 F.3d at 160 (noting that the pertinent date is the date an inmate "receive[s] final notice that his administrative complaint was dismissed"). Accordingly, the applicable limitations period began to run again on that date.

In the instant matter, Plaintiff signed for receipt of the final agency response on October 29, 2018. *See* R. Doc. 88-3, p. 2. At that time, 293 days remained in the limitations period, and Plaintiff had until August 18, 2019, to timely file his Complaint. The plaintiff's Complaint was signed and dated by him on September 23, 2019. *See* R. Doc. 1, p. 5 and 12. Accordingly, it appears the Complaint was not filed within the one-year limitations period.

Despite notice and an opportunity to appear, Plaintiff has not come forward with any competent summary judgment evidence in opposition to Defendant's Motion for Summary Judgment or to the documentary evidence produced in support thereof. Though Plaintiff alleges to have filed his Complaint on August 25, 2019, the record does not support his assertion. Additionally, even if Plaintiff had filed his Complaint on August 25, 2019, it would have still not have been timely filed within the one-year limitations period. Accordingly, there is nothing before the Court which tends to dispute Defendant's assertions. Based upon Plaintiff's failure in this case to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, the Court concludes that Defendant's Motion is well-taken and that, on the record before the Court, Defendant is entitled to summary judgment as a matter of law.

Finally, to the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized

to decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the Court has original jurisdiction, if the Court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended dismissal of Plaintiff's federal claims, the Court further recommends that supplemental jurisdiction be declined in connection with Plaintiff's potential state law claims.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction in connection with any potential state law claims. It is further recommended that Defendant's Motion for Summary Judgment (R. Doc. 88) be granted and that this matter be dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on April 14, 2021.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**